The opinion of the Court was delivered by
Wabdlaw, J.
So far as we can judge of the allegations of the indictment in this case without a copy of it or any precise report of its contents, it seems that defendant was charged for riot in combination with three of his slaves by name, and with other of his slaves whose names are unknown. The allegation is clearly sufficient, so that there can be no arrest of judgment. It is said in State vs. Calder, 2 McC. 462, “ if it be charged in the indictment, there were other *96 persons concerned who were unknown, the conviction is good.” While, however, no complaint is made as to the form of the indictment here, the first two grounds of appeal rely on the defectiveness of the proof, inasmuch as one only of the three slaves named was proved to be present, and it was not proved that the names of other slaves present were unknown. It has been settled in this State since State vs. Thackam, 1 Bay, 358, that slaves may be persons to fill up the number of three necessary to constitute a riot, and we do not feel at liberty to contest this principle now, however debatable originally. It is certainly not necessary to the conviction of some of the rioters charged that the presence and conspiracy of all charged should be proved; and the allegation that persons unknown were present is a negative statement which must be disproved. It is said in the case of State vs. Oalder, supra, that the allegation that rioters unknown were present must be proved, but this can legitimately mean nothing more than that it must be proved according to the nature of the allegation. A negative is insusceptible of precise proof, and usually allegation of a negative without disproof is adequate evidence of the statement. After verdict, and without pretence of proof to the contrary, we must presume that the names of other rioters were unknown.
If the Judge charged as alleged in the third ground, we should not hold his instruction to be erroneous. It is not necessary to the consummation of a riot that the act of the rioters should be in fulfilment of an unlawful purpose. But if it were necessary to decide any thing on this point, we should at least hesitate to pronounce that the' right of a wagoner to turn upon the soil of a neighboring proprietor where the road was foundrous, clear in case of highways, may not be exercised as to neighborhood roads of a public character.
On the fourth and fifth grounds, we should hesitate to *97 decide that one who advises, directs and compels a riot might not be properly convicted, although he does not add his physical force in the actual commission of the offence; but here it is not necessary to decide any thing on this point, for the defendant was present at the beginning of the riot, and by his violent and tumultuous acts of striking the mules of prosecutor, threatening to shoot him, and capping his own gun, made himself responsible for the acts in completion of the offence begun by himself. The whole transaction was a continuing outrage of the law, and the defendant should not escape because he may not have been personally present when his negroes by his orders, as must be presumed, seized the wheels of prosecutor’s wagon.
Ordered that the appeal be dismissed.
O’Neall, 0. J., and Johnstone, J., concurred.
Appeal dismissed.